CHARLES E. BRAME v. HORACE A. TOWNE.[2]

October 29, 1896.

Nos. 10,288—(190).

**Special Proceeding—Final Order—Setting Aside.**

In proceedings had under the provisions of Sp. Laws 1889, c. 30, § 3, the district court, on findings of fact, made an order determining to whom certain deposited money should be paid; and it was paid out and distributed as determined. More than five years afterwards one of the distributees moved the court to amend some of its findings, to strike out others, and to set aside its order. *Held*, the order of the court was a final order in a special proceeding, and the court was without power or authority to grant such a motion.

Appeal by Charles E. Brame from an order of the district court for Hennepin county, Smith, J., denying a motion to amend the findings of

[1] Reported in 68 N. W. 1102.    [2] Reported in 68 N. W. 846.

fact, to set aside the conclusions of law, and to vacate and set aside the findings of fact and the order for judgment thereon, determining the manner of payment of an award of $790.47 deposited with the court. Affirmed.

*Robert Christensen*, for appellant.

*John H. Nickell* and *Flannery & Cooke*, for respondent.

COLLINS, J.[3] Under the provisions of Sp. Laws 1889, c. 30, § 3, the board of park commissioners for the city of Minneapolis condemned two lots in said city for park purposes, and caused the amount of damages as appraised to be deposited in the office of the clerk of the district court for the proper county, August 1, 1890. August 15, respondent, Towne, claiming to be entitled to the amount so deposited, presented a petition to said court, setting forth his claim to the money, and alleging that the appellant, Brame, one Rising, one Moore, and certain other named persons claimed some right or interest in and to the money; whereupon a citation was issued requiring all of the persons named to appear and contest the claim of the petitioner. The appellant, said Rising, said Moore, and others appeared, and joined in an answer to the petition, in which they alleged that the petitioner was not entitled to the money, but that said Rising was, as the owner in fee of the two lots. A reply was interposed, and, on the issues made, the matter came on for hearing before the court, all of the parties who had answered being present. September 11, 1890, the court made findings of fact, on which it based an order or conclusion of law that there first be paid out of the amount in controversy all unpaid taxes on the property; that then a small amount of money which had been paid as taxes by Brame and Moore be returned to them; and that the balance should be paid to the respondent Towne, as the person entitled thereto. On October 6, 1890, the amount of the deposit was paid over in accordance with the terms of the order.

All of the parties seem to have acquiesced in the result of this proceeding until May 2, 1896, when appellant, Brame, brought on for hearing a motion to amend some of the findings of fact, to strike out others, and to set aside the conclusion of law or order for distribution of the amount of the award. This motion was based upon all of

[3] Buck, J., took no part.

the files and certain affidavits, from which it appeared that in December, 1895, Rising had assigned and transferred all of his rights to Brame. The court below denied the motion, and the latter appeals.

The respondent makes the point that the order denying the motion is not appealable, and also that the return on appeal is insufficient, because it is not certified to in any manner. We pass by these points, and affirm the order on the ground that after the lapse of more than five years from the making of the conclusions of law or order determining to whom the money should be paid, and its payment or distribution in accordance with the order, in which distribution the appellant participated by receiving a portion of the money, the court below was without power or authority to set aside its conclusion or order, or to change or modify the same in any manner. It is apparent from the statute that the order is the final judgment, and that the entry of judgment in form is not required. We are not required to state within what time appellant should have made the motion in question, nor to determine that such a motion would be proper at any time. Certain it is that he was altogether too late in this instance.

Order affirmed.